# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JAMES JOHNSON                                                                     PLAINTIFF

V.                              CASE NO. 3:19-CV-289-BD

DALE COOK, *et al.*                                                            DEFENDANTS

## ORDER

Mr. Johnson filed this civil rights lawsuit without the help of a lawyer claiming unconditional conditions of confinement at the Mississippi County Detention Center. (Docket entry #2) Recently, Mr. Johnson moved for summary judgment. (#25)

Discovery is currently stayed. Accordingly, Defendants have not had an opportunity to investigate Mr. Johnson's claims. The motion for summary judgment on the merits of Mr. Johnson's claims is, therefore, DENIED, as premature.

Meanwhile, Defendants have moved for partial summary judgment, contending that Mr. Johnson failed to fully exhaust his administrative remedies for some of his claims. (#28) Specifically, they contend that Mr. Johnson failed to file any grievances concerning the uncovered toilets and plumbing, rusty tables, leaking light fixtures, or denial of access to the kiosk system.

Mr. Johnson may file a response opposing the motion for summary judgment, if he wishes. To be considered, the response must be filed within 14 days of this Order. In opposing the motion for summary judgment, Mr. Johnson may attach affidavits that he or others have signed. Because affidavits are sworn statements, they must be either notarized or declared under penalty of perjury (see 28 U.S.C. § 1746). Unsworn

statements will not be considered in deciding the motion for partial summary judgment. And to be considered, an affidavit must be based on the personal knowledge of the person who signs it.

The motion for summary judgment concerns only whether Mr. Johnson fully exhausted the grievance process regarding his claims concerning the uncovered toilets and plumbing, rusty tables, leaking light fixtures, and denial of access to the kiosk system prior to filing his complaint in this case on October 28, 2019. Mr. Johnson's response to the motion, therefore, should address only whether he fully exhausted his administrative remedies regarding those claims before October 28 and, if not, whether there was a valid reason why he did not.

IT IS SO ORDERED, this 18th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE