**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JAMES JOHNSON                                                                    PLAINTIFF

V.                              CASE NO. 3:19-CV-289-BD

DALE COOK, *et al*.                                                           DEFENDANTS

## ORDER

**I.    Background:**

Plaintiff James Johnson filed this civil rights lawsuit without the help of a lawyer

under 42 U.S.C. § 1983. In his complaint and addendum, Mr. Johnson claims that the

conditions of his confinement while he was a pre-trial detainee in the Mississippi County

Detention Center (MCDC) were unconstitutional. (Doc. Nos. 2, 17)

The Court has already dismissed some of Mr. Johnson's claims, including

allegations of uncovered toilets and plumbing, rusty tables, leaking light fixtures, and

lack of access to the kiosk system, based on failure to exhaust his administrative

remedies. (Doc. No. 36)

Now pending is the Defendants' motion for summary judgment on the remaining

claims. (Doc. No. 39) Mr. Johnson has not responded to the motion, and the time for

responding has passed. (Doc. No. 42)

**II.    Discussion:**

A.  Standard

In a summary judgment, the Court rules on the case without a trial. A party is

entitled to summary judgment if—but only if—the evidence shows that there is no

genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

Mr. Johnson was a pre-trial detainee at the time of the events giving rise to his claim; therefore, his claim must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than as an Eighth Amendment claim. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); and *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir. 2020).

In *Bell*, "the Court held that the government may detain defendants pretrial and 'may subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.'' *Stearns*, 957 F.3d at 907 (citing *Bell*, 441 U.S. at 536–37).

A pre-trial detainee can show that his conditions amounted to punishment in either of two ways. He can "show that the conditions were intentionally punitive" or, "if there is no expressly demonstrated intent to punish, the [detainee] could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id.*

Here, Mr. Johnson alleges that, while he was detained at the MCDC, he was held in a cell where water leaked through his cell walls. As a result of the leak, he alleges, his bedding was soaked; his top bunk detached from the wall; and white mold grew on the cell walls.

The Defendants dispute Mr. Johnson's account. And they offer evidence that Mr. Johnson submitted over 200 inmate requests and grievances during his detention in the

MCDC, but only one, on October 17, 2019, that related to the water-leak claim. In response to that grievance, Defendant McClain wrote, "thought you were in a-block." (Doc. No. 30-3 at p.2)

After Mr. Johnson submitted the October 17 grievance, Defendant McClain inspected Mr. Johnson's cell. According to his affidavit, Defendant McClain found no sign of water on Mr. Johnson's bedding at that inspection. (Doc. No. 40-3 at p.1) Defendant McClain also states that the top bunk in Mr. Johnson's cell was *not* detached from the wall and that he did not see any sign of white mold on the walls. (*Id.*)

According to the affidavits of Defendants McCollum, Harris, and McClain, if MCDC staff had determined that water was leaking into Mr. Johnson's cell or soaking his bed, staff would have moved Mr. Johnson to a dry cell, repaired the leak, and repaired or replaced bedding in the cell. (Doc. No. 40-1 at pp.1-2; Doc. No. 40-2 at pp.1-2; Doc. No. 40-3 at pp.1-2) The Defendants further state that, if staff had found mold growing on Mr. Johnson's cell, Mr. Johnson would have been moved to a clean cell, and staff would have removed the mold. (Doc. No. 40-1 at p.2; Doc. No. 40-2 at p.2; Doc. No. 40-3 at p.2)

Based on this undisputed evidence, the Court cannot conclude that Mr. Johnson's conditions at MCDC were punitive, either intentionally or unintentionally. Even if Defendant McClain was negligent in his inspection of Mr. Johnson's cell, that conduct would not rise to the level of a constitutional violation. *S.S. v. McMullen*, 225 F.3d 960, 964 (8th Cir. 2000).

Furthermore, Mr. Johnson does not allege that either Defendant Cook, Defendant McCollum, or Defendant Harris was personally involved in the maintenance of

3

unconstitutional conditions at the MCDC. See *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights") (internal quotation marks and citation omitted).

Finally, Mr. Johnson has failed to state claims against the Defendants in their official capacities. The official-capacity claims here are, in effect, claims against Mississippi County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments such as Mississippi County can be held liable only where an employee violates a prisoner's rights while carrying out a county policy or custom.[1] *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). *Id.; Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009). Defendants did not violate Mr. Johnson's rights; and even if Mr. Johnson had alleged a violation, he does not allege any injury as a result of a Mississippi County policy or custom.

---

[1] For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id.* at 902-903.

### III.   **Conclusion:**

The Defendants' motion for summary judgment (Doc. No. 39) is GRANTED. Mr.

Johnson's claims are DISMISSED, with prejudice. The Clerk is instructed to close this

case.

IT IS SO ORDERED, this 3rd day of September, 2020.

_____

UNITED STATES MAGISTRATE JUDGE